IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES G. HART, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:14CV00160 SWW |
| | * | |
| FARMERS INSURANCE EXCHANGE, | * | |
| ET AL., | * | |
| | * | |
| Defendants. | * | |

**Order**

Plaintiff and Defendants (collectively, the "Parties") are engaged in discovery in this matter (the "Action"), and the Parties have agreed to entry of this Stipulated Protective Order to facilitate discovery of information deemed confidential or private.

IT IS HEREBY STIPULATED AND ORDERED, as follows:

1. Confidential Information, as used herein, means any type of information that is designated as confidential by the designating party, whether it is a document, data of any kind, or information revealed during a deposition. In designating information as confidential, the designating party shall make such designation only as to that information that it reasonably and in good faith believes contains confidential, personal, competitively sensitive, or proprietary information.

2. The Parties shall designate documents or information falling within the above definition of "Confidential Information" at the time of production by marking such documents "CONFIDENTIAL," or with a marking to the same effect.

3. Designating Testimony as Confidential.

   a. Specific oral testimony, including transcripts of such testimony, may be designated as "CONFIDENTIAL" by any party or the witness by so designating either (i) on the record at the time

of the specific testimony or (ii) by separate written notification within ten (10) days after receipt by the party or witness of the transcript of the testimony (the "Notification Period"). All transcripts and testimony shall be treated as if designated as "CONFIDENTIAL" until the expiration of the Notification Period.

   b. If a party wishes to file with the Clerk or the Court any testimony or transcript which contains "CONFIDENTIAL" information, the party must first seek and obtain leave of Court to file such testimony or transcript under seal (absent a specific agreement of the Parties related to filing the portion at issue). Upon such motion or upon the Court's own motion, the Court may exclude any testimony or transcript from coverage under this Stipulated Protective Order. No materials designated as "CONFIDENTIAL" are to be filed with the Clerk or the Court unless they are filed under seal, with leave of the Court, or the Court finds that the materials should be excluded from coverage under this Protective Order.

4. The receiving party may object to a designation of "CONFIDENTIAL" at any time by giving written notice (including via email) to counsel for the designating party. If the parties are unable to resolve their differences within twenty-one (21) days after the designating party's receipt of the receiving party's objection, the designating party may file an appropriate motion with the Court requesting that the designated material be treated as subject to this Protective Order. During the pendency of any such motion, the Parties shall adhere to the Confidential designation. If the designating party does not file a motion within the above-described twenty-one (21) days, the designated material shall no longer be treated as subject to this Protective Order.

5. Discovery information designated as "CONFIDENTIAL" shall be provided only to Qualified Persons, as defined in Paragraph 6 below. Each Qualified Person shall maintain Confidential

Information in confidence and shall not reveal any such information to any person who is not a Qualified Person without prior written consent of counsel for the disclosing party or an order by the Court authorizing such disclosure. Confidential Information shall be used and disclosed only for purposes of this litigation.

6. Qualified Persons consist of the Court; any arbitrator or mediator retained by all Parties; Plaintiff's and Defendant's counsel of record, including other attorneys, law clerks, and paralegals (collectively referred to as "legal staff") in the Parties' counsel's law firms engaged in preparing this action for trial; stenographic and videographic reporters; Plaintiff; Defendants; the Parties' witnesses or prospective witnesses in connection with the investigation of the matters at issue in this case and their preparation to testify herein or for use during the taking of their depositions or eliciting their testimony during trial; and consultants and experts employed by the Parties. All witnesses who are to be shown Confidential Information shall be informed of this Protective Order and shall state their agreement to be bound thereby before being provided with any Confidential Information.

7. The Parties agree to discuss, prior to trial, the appropriate use of Confidential Information at trial, and they agree to seek the assistance of the Court in resolving issues related to the use of Confidential Information at trial if the Parties are not able to resolve the issues amicably.

8. Counsel for the Parties may, in the course of deposing a person who is not a Qualified Person, show the witness information designated as "CONFIDENTIAL" and examine the witness concerning such information, provided that the witness is informed that the information is confidential and is instructed that, pursuant to Court Order, such confidentiality must be maintained, and no persons are present during those portions of the examination concerning Confidential

Information except the witness, Qualified Persons, persons present at the request of the party who designated the information as confidential, and a court reporter.

9.  Confidential Information is to be preserved as confidential until the final disposition of this Action. Within sixty (60) days of a final decision or settlement (including an appeal, if any) of this Action, all copies of Confidential Information that are within the possession of the Parties or their respective attorneys shall be destroyed or returned to counsel for the disclosing party, provided that counsel of record may retain any pleadings and all attorney and consultant work product that contains Confidential Information. The Parties are entitled to an Affidavit or Declaration from the opposing Party and his/her/its counsel confirming the destruction of all Confidential Information in the event the Party chooses to destroy the Confidential Information rather than return it to the designating party. Any Confidential Information provided to a consultant, expert, or similar individual shall be returned by that individual to counsel providing the information. The consultant, expert, or similar individual shall not retain any Confidential Information.

10. If a party wishes to file with the Clerk or the Court any document or material which contains "CONFIDENTIAL" information, the party must first seek and obtain leave of Court to file such document or material under seal (absent a specific agreement of the Parties related to filing the portion at issue). Upon such motion or upon the Court's own motion, the Court may exclude any document or material from coverage under this Stipulated Protective Order. No document or material designated as "CONFIDENTIAL" are to be filed with the Clerk or the Court unless they are filed under seal, with leave of the Court, or the Court finds that the materials should be excluded from coverage under this Protective Order. The Parties agree that the sealing of such Confidential materials may be necessary to protect the disclosing parties' privacy and/or to protect against

unnecessary dissemination of personal information, and the public would not benefit from, and has no apparent interest in, disclosure of the Confidential Information.

11. If a party in possession of information designated as "CONFIDENTIAL" is served with a subpoena, demand, or request for production of such information from a court, administrative, legislative or other governmental body, or from other persons purporting to have authority to subpoena, demand, or request such information, the recipient shall give immediate written notice of the subpoena, demand, or request (including delivery of a copy of same) to the attorneys for the disclosing party.

12. This Protective Order may be amended by a stipulation submitted to and so ordered by the Court or, if the parties are unable to agree, by the Court on application of a party.

ENTERED this 7th day of October, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE